Robinson, J.—[After stating the facts.]
In my opinion, the officers to whom the petition is addressed are not authorized to grant the prayer.
*408 The act of 1860, chap. 348, and its amendments, relating to insolvent assignments, vest in the judges, but not in the court, certain limited powers; and they relate to the assignee (except in respect to the approval of the securities), and to his accounting, rather than to any control over his administration of the estate. As such judges, except in the matter of such accounting, they possess no judicial powers, except such as exist in the court or a court of equity.
The only power the court possessed upon petition without suit duly instituted is, as a court of equity, under the provisions of the Revised Statutes (1 R. S. 730, §§ 69, 70, 71), to substitute another trustee in place of the assignee.
A receiver, being an officer of the court, may, on petition, at any time apply for advice and direction as to his conduct, and the order of the court would be his justification; but no authority is conferred by any of these acts, either upon a judge of this court acting as county judge (In re Morgan, 56 N. Y. 629), or upon the court to exercise said judicial powers in advising or directing such assignees from time to time in the general administration of the estate upon petition presented for that purpose, which would afford the assignee any indemnity in a departure from the immediate obligation of his trust to sell the assigned property, or enforce collection of debts without any unnecessary delay, so as to convert it into cash for the purpose of distribution (In re Levy’s Accounting, 1 Abb. N. C. 177).
•The assignee can only find protection for acts not immediately authorized by the terms of the assignment by a resort to the powers of a court of equity, upon suit brought for that purpose.
I am without power to grant the prayer of the petition.